J. D. KINSER, Appellant, v. ST. LOUIS SOUTHWESTERN
RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, February 23, 1897.

Actions, civil : ORDER OF TRANSFER : SUFFICIENCY OF ORDER: JURIS-
DICTION. On appeal in a civil action, from an order of the circuit
court of Stoddard county, transferring the cause from the Bloomfield
to the Dexter division of said court, made on agreement of the parties
in open court, where the only question was the sufficiency of the
order to give the court jurisdiction to hear and determine the cause
at Dexter,—*Held*, that the court was fully authorized to make the
order.

*Appeal from the Stoddard Circuit Court.*—HON JOHN G.
WEAR, Judge.

REVERSED AND REMANDED (*with directions*).

*J. L. Fort* for appellant.

The agreement between the parties to transfer the
case to Dexter for trial, upon which the court's order of
transfer was made, was "good cause" within the mean-
ing of the act of 1895, and that order was clearly within
the jurisdiction of the court at Bloomfield, and gave
the court at Dexter full jurisdiction to try it. Acts.
1895, 141, 142; *State v. Taylor*, 33 S. W. Rep. 1145.

A statute providing that a court may do a thing
"upon good cause shown," vests a discretion in the
court, and the court having exercised its discretion at
one term of the court, could not review or modify it at
a subsequent term. *Kirchner v. Singletary*, 15 S. C.
535; *Kendall v. Briley*, 86 N. C. 54; *People v. Sessions*,
62 How Pr. 415; *Witcher v. Benton*, 50 N. H. 25;
*People v. R'y*, 29 N. Y. 418; *Noyes v. Society*, 70 N.
Y. 481.

If this case was improvidently transferred to Dexter, respondent should have saved its exceptions when the order of transfer was made. Having failed to do so, it could not have moved successfully in the court at Dexter to remand the cause to Bloomfield. *Stewart v. R'y*, 94 Mo. 317; *State v. Dodson*, 72 *Id.* 283; *Squires v. Chillicothe*, 89 *Id.* 230; *Keen v. Schedler*, 92 *Id.* 524.

It was not necessary for appellant to offer in evidence the record entries. The court was bound to take judicial notice of all such entries. *State v. Jackson*, 106 Mo. 175; *State v. Dougherty, Id.* 182; *State v. Ulrich*, 110 *Id.* 350.

*W. H. Miller* for respondent.

"A proper order of court changing the venue is essential to confer jurisdiction on the court to which the case is transferred." *Stearns v. R. R.*, 94 Mo. 318; *Bray v. Marshall*, 66 *Id.* 122; *Moore v. R'y*, 51 Mo. App. 505.

BLAND, P. J.—Bloomfield is the county seat of Stoddard county. The general assembly by act, approved March 16, 1895, provided that two terms a year of the circuit court of Stoddard county be held at the town of Dexter, in said county, in addition to the biannual terms to be held at Bloomfield. The act creating the Dexter court provides that "no civil case commenced and made returnable at one of said places (Dexter or Bloomfield), shall be transferred to the other of said places, except by the written consent of the parties to such case, or the order of the judge of said court upon good cause shown."

This suit was begun before a justice of the peace, and appealed from his judgment to the circuit court,

and rightfully sent by the justice to the circuit court, sitting at Bloomfield. On the second day of June, 1896, the. circuit court at Dexter, being in session, and the parties to this cause appearing, a jury was impaneled to try the cause. Respondent objected to the introduction of any evidence, on the ground that the court had not acquired jurisdiction to try the case at Dexter. In support of the objection the respondent offered in evidence the transcript of the justice and the original papers which showed that the justice had sent the cause to the circuit court at Bloomfield, and there was nothing to show how the case got from that division of the court to the division at Dexter. Thereupon the appellant offered to prove by the clerk of the court that at the time the papers were sent to the office at Dexter the record of the last term of the Bloomfield division of the court (to-wit March term, 1896) had not been written up. He then offered to read from the minutes of the court at Bloomfield at that term the following entry:

"J. D. Kinser,

v.

St. Louis Southwestern } Appeal from justice's court.
Railway Company.

Now come the parties, by their respective attorneys, and by agreement of the parties herein, this cause is sent to Dexter branch of this court for trial, and it is ordered that the files herein be transmitted by the clerk to said court."

Which objection being sustained, plaintiff (appellant) took a nonsuit with leave to move to set the same aside. This motion he filed in due time, which was overruled, and he brings his case here by appeal.

The only question raised by the record as presented by brief of counsel, is as to the sufficiency of the order

transferring the case from Bloomfield, to Dexter, to give the court jurisdiction to hear and determine the case at Dexter. Counsel for respondent in his brief treats the transferrence as a change of the venue of the cause. The venue of the case while pending at Bloomfield, was Stoddard county; the venue after the case had been transferred to Dexter was Stoddard county. Venue means place, locality. Under our law, the venue in the country circuits, is never less in territory than a county. The terms of the circuit court held at Bloomfield and at Dexter were terms of the Stoddard county circuit court. They were not terms of a different court, but different terms of the same court.

ORDER of transfer of civil action: sufficiency of order: jurisdiction.

The provisions made for the transferrence of cases from one of these places to the other, is for the accommodation of litigants and to facilitate the business of the Stoddard circuit court. The court may for good cause order the transfer made. We apprehend that this clause places it largely in the discretion of the court to make such an order, in any case or number of cases. A crowded state of the docket, the inability of the court to finish the call of the docket, at one of these places, within the time allotted to hold such term, and the probability of time to try the uncalled cases at the term to be next held at the other place, or any other cause, which the court should, in its judgment, deem sufficient, would authorize such an order. An abuse of this discretion could be made, but that abuse could not be corrected by an objection to the introduction of testimony upon a trial, as was done in this case. The court would not lose its jurisdiction of a case by indiscreetly or wrongfully transferring it from one of these places to the other, for the reason that the cause would still be pending in the same court and have the same venue. We are clearly of the opin-

ion that the court was fully authorized to make the order transferring this case from Bloomfield to Dexter. The parties in open court agreed to the order. This was sufficient cause for the order; no better cause could be assigned, and fair dealing with the court should close the mouth of the respondent to object to the order.

The judgment is reversed and cause remanded, with directions to the lower court to set aside its judgment of nonsuit and grant the plaintiff a new trial. It is so ordered. All concur.